IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| MICHELLE FREENOR, STEVEN FREENOR, DAN LEGER, JEAN SODERLIND, and GHOST TALK, GHOST WALK LLC, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. CV4:14-247 |
| v. | ) ) | |
| MAYOR AND ALDERMEN OF THE CITY OF SAVANNAH, | ) ) ) | |
| Defendant. | ) | |

### DEFENDANT'S SECOND SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Comes now The Mayor and Aldermen of the City of Savannah (the "City"), Defendant herein, and files this Second Supplemental Brief in Support of Motion for Summary Judgment and in Opposition to Plaintiffs' Motion for Summary Judgment. By Order entered March 28, 2016, the Court directed the City "to file a brief addressing whether the revised ordinance renders all or any part of this case moot." Doc. 50.

This Brief is in three parts. (1) The City shows that the enactment on October 15, 2015 of the revised Tour Service for Hire Ordinance, codified at Savannah Code of Ordinances § 6-1502 (and a certified copy of which is attached to the City's prior Supplemental Brief at Doc. 46), renders moot Count I of Plaintiffs' Complaint, to the extent it seeks injunctive relief related to the tour guide permitting requirements. (2) There is authority from this and other jurisdictions to support that Plaintiffs' claim for nominal damages related to the Tour Service for Hire Ordinance may not be rendered moot, but here, where Plaintiffs seek $1 in each in nominal

1

damages, there is argument that such a request for incidental relief should not save a moot claim. (3) There is no argument that Count II, regarding the constitutionality of the City's Preservation Fee in the City's Revenue Ordinance, is moot following the revision to the Tour Service for Hire Ordinance.

I.   Plaintiffs' Claim in Count I for Injunctive Relief is Moot as a Result of the Revision of the Tour Service for Hire Ordinance.

The revised Tour Service for Hire Ordinance no longer requires a tour guide to take an examination, to obtain a tour guide permit, to pay a fee to obtain a tour guide permit, or to obtain a criminal background check. The October 15, 2015 revisions, among other things, addressed these points. Plaintiffs do not contend in their post-Ordinance-revision Briefs that they have constitutional (or other) complaint with the revised Tour Service for Hire Ordinance. There is not objection by Plaintiffs to the City's revised Tour Service for Hire Ordinance.

Thus, Plaintiffs' claim in Count I for injunctive relief related to the Tour Service for Hire Ordinance should be declared moot.

> Mootness is the threshold question in this case for all claims that seek injunctive relief. Article III of the United States Constitution requires that an actual case or controversy must exist at all stages of federal proceedings. BankWest, Inc. v. Baker, 446 F.3d 1358, 1363 (11th Cir. 2006)(citation omitted); U.S. Const. art. III, § 2. When a party challenges an ordinance and seeks injunctive relief, a superseding ordinance moots the claim for injunctive relief. See Crown Media, LLC v. Gwinnett Co., Ga., 380 F.3d 1317, 1324 (11th Cir. 2004).

Covenant Christian Ministries, Inc. v. City of Marietta, Ga., 654 F.3d 1231 (11th Cir. 2011). "'[A] superseding statute or regulation moots a case only to the extent that it removes challenged features of the prior law.'" Covenant Christian Ministries, Inc., 654 F.3d at 1243; citing Naturist Soc., Inc. v. Fillyaw, 958 F.2d 1515, 1520 (11th Cir. 1992). Without dispute the revisions to the

City's Tour Service for Hire Ordinance fundamentally altered the challenged sections of the Ordinance, and thus the claims for injunctive relief regarding that Ordinance are now moot.

Plaintiffs cannot successfully assert that their claims for injunctive relief are not moot because of a possibility that the City will simply reenact the challenged Ordinance at a later date. "[A] defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." Doe v. Wooten, 747 F.3d 1317, 1322 (11th Cir. 2014); citing Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 189 (2000). "Because of the unique characteristics of public defendants . . . this Court often gives government actors 'more leeway than private parties in the presumption that they are unlikely to resume illegal activities.'" Doe, id.; citing Coral Springs St. Sys., Inc. v. City of Sunrise, Fla., 371 F.3d 1320, 1328-29 (11th Cir. 2013). "As a general matter, 'voluntary cessation by a government actor gives rise to a rebuttable presumption that the objectionable behavior will not recur.'" United States v. Georgia, 778 F.3d at 1205; citing Atheists of Fla. Inc. v. City of Lakeland, Fla., 713 F.3d 577, 594 (11th Cir. 2013). "The governing principle, as we have distilled it, is that 'in the absence of evidence indicating that the government intends to return to its prior legislative scheme, repeal of an allegedly offensive statute moots legal challenges to the validity of that statute.'" United States v. Georgia, 778 F.3d 1202, 1205 (11th Cir. 2015); citing Nat'l Adv. Co. v. City of Miami, 402 F.3d 1329, 1334 (11th Cir. 2005).

> In applying this presumption, we have held that once a government actor establishes unambiguous termination of the challenged conduct, the controversy 'will be moot in the absence of some reasonable basis to believe that the policy will be reinstated if the suit is terminated.' [Troiano v. Supervisor of Elections, 382 F.3d 1276, 1285 (11th Cir. 2004).] Consistent with our precedent, we emphasize that the government actor is entitled to this presumption only after it has shown unambiguous termination of the complained of activity. [Harrell v. Fla. Bar, 608 F.3d 1241, 1267-68 (11th Cir. 2010)]('[W]e are unable to say that

>   the Board, through its decision, "unambiguously terminated" the challenged application of Rule 4-7.2(c)(2) to Harrell's slogan, as required to invoke the presumption we identified in Troiano.')
>
>   In conducting both the initial inquiry of unambiguous termination as well as the following evaluation about whether there is a reasonable basis the challenged conduct will recur, this Court has considered the following factors: (1) 'whether the termination of the offending conduct was unambiguous;' (2) 'whether the change in government policy or conduct appears to be the result of substantial deliberation, or is simply an attempt to manipulate jurisdiction;' and (3) 'whether the government has "consistently applied" a new policy or adhered to a new course of conduct.' [Rich v. Sec'y, Fla. Dep't of Corr., 716 F.3d 525, 531-32 (11th Cir. 2013)](quoting Nat'l Ass'n of Bds. of Pharmacy, 633 F.3d at 1310). The timing and content of the cessation decision are also relevant in evaluating whether the defendant's stopping of the challenged conduct is sufficiently unambiguous. Id. We are also 'more likely to find a reasonable expectation of recurrence when the challenged behavior constituted a continuing practice or was otherwise deliberate.' Atheists of Fla., Inc. v. City of Lakeland, 713 F.3d 577, 594 (11th Cir. 2013)(internal quotation marks omitted). These factors are not exhaustive and the analysis may vary depending on the facts and circumstances of a particular case. See Md. Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941)(noting the difficulty in fashioning a precise test of universal application for determining whether a request for declaratory relief has become moot).

Doe v. Wooten, 747 F.3d 1317, 1322-23 (11th Cir. 2014).

The City unambiguously revised the Tour Service for Hire Ordinance, altering, among other things, the sections complained of in this suit. By law no Georgia city council can bind itself or future councils to say that any change will never recur. Per O.C.G.A. § 36-30-3(a), "One council may not, by an ordinance, bind itself or its successors so as to prevent free legislation in matters of municipal government." However, there is no reasonable expectation that the challenged portions will be reenacted. The City denies that it is the City's intention to resurrect the old ordinance after it was significantly amended. See Students for Life USA v. Waldrop, 90 F.Supp.3d 1265, 1273 (S.D.Ala. 2015)("[T]he Eleventh Circuit, in ruling that a challenge to a sign ordinance was moot, expressly relied on statements by counsel, orally and in brief, denying the defendant's intention to resurrect the old ordinance after it was significantly

amended.  Coral Springs Street Systems, Inc. v. City of Sunrise, 371 F.3d 1320, 1332-33 (11th Cir. 2004).")  Further, as to the point whether the revision came as the result of deliberation or is an intent to manipulate jurisdiction, the Ordinance revisions at issue were drafted and approved in October, 2015, within four months after the United States Supreme Court issued its decision in Reed v. Town of Gilbert, Arizona, __ U. S. __, 135 S.Ct. 2218, 192 L.Ed.2d 236 (2015).  Though it has not been adjudicated yet to the City's knowledge whether the Reed decision would affect whether a municipality can require a tour guide to take an examination or the other challenged portions of the former Tour Service for Hire Ordinance, some would argue (including Plaintiffs) that the Reed decision makes it a closer question, at the least.  As to whether the City has "adhered to a new course of conduct" following the revision, there is no reason to dispute that the revised Ordinance provisions are being applied.  "'Mere speculation that the [defendant] will return to its previous ways is no substitute for concrete evidence of secret intentions.'"  Students for Life USA v. Waldrop, 90 F.Supp.3d 1265, 1271 (S.D.Ala. 2015); citing Nat'l Advertising Co. v. City of Miami, 402 F.3d 1329, 1334 (11th Cir. 2005).   In this case the City's revision of the Tour Service for Hire Ordinance gives rise to a rebuttable presumption that the objected-to behavior will not recur, which presumption has not been rebutted.  Any claim for injunctive relief in Count I, regarding the City's Tour Service for Hire Ordinance, is moot.

II.  A Claim for Nominal Damages Related to Count I is Nominal and Incidental to the Litigation Where the Parties Seek $1 Each.

"Although a case will normally become moot 'when a subsequent [ordinance] brings the existing controversy to an end,' CAMP v. City of Atlanta, 219 F.3d 1301, 1310 (11th Cir. 2000), when the plaintiff has requested damages, those claims are not moot, Granite State Outdoor Adver., Inc. v. City of Clearwater, Fla., 351 F.3d 1112, 1119 (11th Cir. 2003);  see also Crown

Media, LLC, 380 F.3d at 1319." Covenant Christian Ministries, Inc. v. City of Marietta, Ga., 654 F.3d 1231, 1244 (11th Cir. 2011).  See also Vaguely Qualified Productions LLC v. Metropolitan Trans. Auth., 2015 U.S.Dist. LEXIS 138340, *32 (S.D.N.Y. 10/7/15)("As for Plaintiff's claim for violation of its First Amendment rights under the Prior Policy, the claims for injunctive relief are moot and are so dismissed.  However, the Court must determine whether the claim for nominal damages withstands a motion to dismiss.  Even where a change in policy renders injunctive relief moot, 'nominal damages [for violation of First Amendment rights] relating to past (not future) conduct' should not necessarily be dismissed.")  This view, at least toward a claim for nominal damages, is not universal, particularly where the request is incidental and would have no more effect than declaratory or injunctive relief.  See, e.g., Traditionalist American Knights of the Ku Klux Klan v. City of Desloge, Mo., 2016 U.S.Dist. LEXIS 21630 (E.D.Mo. 2/23/16)("A request for nominal damages that would have no more effect than declaratory or injunctive relief will not save an otherwise moot claim.  Morrison v. Bd. of Educ. of Boyd Cty., 521 F.3d 602, 611 (6th Cir. 2008) . . .")  However, that a claim for nominal damages avoids mootness is apparently broadly held, though sometimes questioned:

> The Court of Appeals for the Third Circuit has explained that, generally speaking, 'the availability of *damages or other monetary relief* almost always avoids mootness.' . . . By contrast, the Court of Appeals does not appear to have ever squarely addressed whether a plaintiff's otherwise moot claim can be saved *solely* by a claim for nominal damages, which is the precise issue here.. . .
>
> The clear consensus outside the Third Circuit is that a 'valid claim for nominal damages' is sufficient to 'avoid mootness.'  Wright, et al., [Fed. Prac. & Proc. Juris.], § 3533.3; . . . This rule has not gone without criticism, however.  See, e.g., Utah Animal Rights Coal. [ v. Salt Lake City Corp., 371 F.3d 1248, 1263 (10th Cir. 2004)](McConnell, J., concurring)(arguing that 'the proposition that a claim for nominal damages automatically precludes mootness is inconsistent with fundamental principles of justiciability').  In the least, it seems 'odd that a complaint for nominal damages could satisfy Article III's case or controversy requirements, when a functionally identical claim for declaratory relief will not.'  Id. at 1257 (majority opinion).  But that is the law in the majority, if not all, of the

>circuits and our own Court of Appeals has suggested that it agrees with it.  Thus the Court concludes that Plaintiff's claim for nominal damages 'continue[s] to present a live controversy,' and the Court must address the merits of their challenge to the monument.. . .

<u>Freedom From Religion Foundation, Inc. v. Connellsville Area Sch. Dist.</u>, 127 F.Supp.3d 283 (W.D.Pa. 8/28/15).

The City acknowledges that the rule in this Circuit appears to be generally, as set out in the first paragraph of this Section, that "[b]ecause [Plaintiff] has requested damages . . . the changes made to the ordinance do not make this case moot."  <u>Granite State Outdoor Adv., Inc. v. City of Clearwater, Fla.</u>, 351 F.3d 1112 (11th Cir. 2003).  <u>See</u> also <u>McKinnon v. Talladega Co., Ala.</u>, 745 F.2d 1360 (11th Cir. 1984)(Distinguishing cases where plaintiff's claims for damages were so small as to be nominal and incidental to the litigation, where plaintiff sought nominal damages of one dollar but also compensatory damages of $2500, and the record fails to show that that claims for damages are frivolous or that they are only incidental to McKinnon's suit, the claim for damages continued to present a justiciable case or controversy though the claim for declaratory and injunctive relief was moot.)  However, here, where in the prayers for relief of the Complaint, where Plaintiffs seek, "An award of nominal damages in the amount of $1 to each Plaintiff," an award would be nominal and incidental to the litigation, and would have no more effect than declaratory or injunctive relief (had same not been moot.)  The City asserts and preserves the right to assert that under the circumstances of this case, a claim for nominal damages of $1 per Plaintiff related to Count I should be declared moot as well.

III.     There is No Argument that Count II of Plaintiffs' Complaint is Moot.

Finally, there is no argument that Count II of Plaintiffs' Complaint, regarding the constitutionality of the City's Preservation Fee, a part of the City's Revenue Ordinance, is moot by the revision to the Tour Service for Hire Ordinance.

WHEREFORE, Defendant The Mayor and Aldermen of the City of Savannah respectfully requests that the Court find Plaintiffs' claims related to Count I of the Complaint moot, and that the Court grant the City's Motion for Summary Judgment as to the remainder of the case.

This *18th* day of April, 2016.

| | |
|---|---|
| OFFICE OF THE CITY ATTORNEY<br>P. O. Box 1027<br>Savannah, Georgia  31402<br>(912) 525-3092 telephone<br>(912) 525-3267 facsimile<br>bstillwell@savannahga.gov<br>jherman@savannahga.gov | W. BROOKS STILLWELL, III<br>City Attorney<br>Georgia Bar No. 682500<br><br>JENNIFER N. HERMAN<br>Assistant City Attorney<br>Georgia Bar No. 327017<br><br>OLIVER MANER LLP<br><br><br>*/s/ Patrick T. O'Connor*<br>PATRICK T. O'CONNOR<br>Georgia State Bar No. 548425 |
| 218 W. State Street<br>P. O. Box 10186<br>Savannah, Georgia  31412<br>(912) 236-3311<br>pto@olivermaner.com<br>ppaul@olivermaner.com | */s/ Patricia T. Paul*<br>PATRICIA T. PAUL<br>Georgia State Bar No. 697845<br><br>Attorneys for Defendant The Mayor and Aldermen of the City of Savannah |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| MICHELLE FREENOR, STEVEN FREENOR, DAN LEGER, JEAN SODERLIND, and GHOST TALK, GHOST WALK LLC, | )<br>)<br>)<br>)<br>) |
| Plaintiff, | ) Civil Action No. CV4:14-247 |
| v. | )<br>)<br>) |
| MAYOR AND ALDERMEN OF THE CITY OF SAVANNAH, | )<br>)<br>) |
| Defendant. | ) |

CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case in accordance with the directives from the Court Notice of Electronic Filing ("NEF") which was generated as a result of electronic filing.

This *18th* day of April, 2016.

OLIVER MANER LLP

*/s/ Patricia T. Paul*
PATRICIA T. PAUL
Georgia State Bar No. 697845

218 W. State Street
P. O. Box 10186
Savannah, Georgia  31412
(912) 236-3311
pto@olivermaner.com
ppaul@olivermaner.com

Attorneys for Defendant The Mayor and Aldermen of the City of Savannah