UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| MICHELLE FREENOR, STEVEN FREENOR, DAN LEGER, JEAN SODERLIND, and GHOST TALK, GHOST WALK LLC,<br><br>　　*Plaintiffs*,<br><br>　　v.<br><br>MAYOR AND ALDERMEN OF THE CITY OF SAVANNAH,<br><br>　　*Defendant*. | Civil Action No. 4:14-cv-00247-WTM-GRS |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S
SECOND SUPPLEMENTAL BRIEF**

　　Plaintiffs Michelle Freenor, Steven Freenor, Dan Leger, Jean Soderlind, and Ghost Talk, Ghost Walk LLC submit the following response to Defendant's Second Supplemental Brief In Support of Defendant's Motion for Summary Judgment and In Opposition to Plaintiffs' Motion for Summary Judgment, D.E. 51.

　　The issue of justiciability need not detain the Court for long. Both parties agree that Plaintiffs' challenge to the preservation fee is not moot, as the City has made no change to that ordinance. In addition, in light of the City's representation in its supplemental brief that it does not intend to re-enact its tour guide licensing law, Plaintiffs now agree that their claim for injunctive and declaratory relief barring enforcement of that law has become moot.

　　To the extent that there is any dispute between the parties, it concerns Plaintiffs' claim for nominal damages arising out of the City's tour guide licensing law. The City largely concedes that, under binding Eleventh Circuit precedent, this claim is *not* moot, although the City seeks to

"preserve[ ] the right to assert" that this claim "should be declared moot as well." Def's Supp. Br. 7. In fact there can be no serious question that Plaintiffs' claim for nominal damages remains a live case or controversy: Plaintiffs were injured by the violation of their First Amendment rights, and Plaintiffs are entitled to nominal damages as a remedy for that injury. If anything, the City's repeal of its licensing law *confirms* that Plaintiffs are entitled to nominal damages, as it makes clear that the City lacked any substantial (much less compelling) interest that could justify burdening Plaintiffs' exercise of their First Amendment rights. *See, e.g.*, *McLean v. City of Alexandria*, 106 F. Supp. 3d 736, 743-44 (E.D. Va. 2015) (relying on repeal of ordinance to award nominal damages in First Amendment case). The City's licensing law was a wholly unnecessary intrusion on Plaintiffs' First Amendment rights, and Plaintiffs are entitled to an award of nominal damages as a remedy for that trespass.

I.      **Plaintiffs' Challenge To The Preservation Fee Is Not Moot.**

In its Supplemental Brief, the City concedes that Plaintiffs' challenge to the City's preservation fee remains a live case or controversy. *See* Def's Supp. Br. 7. That is correct. The City has not repealed or altered the preservation fee in any way.

II.     **Plaintiffs' Claim For An Injunction Barring Enforcement Of The Tour Guide Licensing Law Has Become Moot.**

Plaintiffs also agree with the City that Plaintiffs' claim for injunctive and declaratory relief barring further enforcement of the City's tour guide licensing law should be dismissed as moot because, as a result of this action, that law has been repealed. In a previous filing, Plaintiffs argued that their claim for injunctive and declaratory relief was not moot because the City had failed to make any "representation that it will not reenact the repealed law." D.E. 47 at 4. In the City's Supplemental Brief, the City now makes just such a representation, as it states that "there is no reasonable expectation that the challenged portions will be reenacted" and "denies that it is

2

the City's intention to resurrect the old ordinance." Def's Supp. Br. 4. In light of and in reliance on those statements, Plaintiffs are now able to agree that their claim for injunctive and declaratory relief pertaining to the City's tour guide licensing law has become moot.

### III. Plaintiffs' Claim For Nominal Damages For Past Injuries Caused By The City's Tour Guide Licensing Law Is Not Moot.

Lastly, the City's repeal of its tour guide licensing law does not affect Plaintiffs' claim for nominal damages arising out of the past enforcement of that law. *See*, *e.g.*, *Granite State Outdoor Advertising, Inc. v. City of Clearwater*, 351 F.3d 1112, 1119 (11th Cir. 2003) ("Because [plaintiff] has requested damages . . . the changes made to the ordinance do not make this case moot.").[1] Plaintiffs' claim for nominal damages remains a live case or controversy.

The City all-but concedes this point in its brief, stating that "when the plaintiff has requested damages, those claims are not moot." Def's Supp. Br. 5. The City—apparently for preservation purposes—does attempt to cast doubt on the application of this straightforward principle to claims for nominal damages. *Id.* at 6 ("This view, at least towards a claim for nominal damages, is not universal."). But the City ultimately acknowledges "that a claim for nominal damages avoids mootness is apparently broadly held." *Id.* Indeed, it is black letter law—including in the Eleventh Circuit—that a claim for nominal damages provides a sufficient case or controversy to support a challenge to a past First Amendment violation.

The Eleventh Circuit's decision in *Amnesty International, USA v. Battle*, 559 F.3d 1170, 1177-78 (11th Cir. 2009), illustrates these basic principles and is controlling here. In that case, an

---

[1] Plaintiffs have raised and preserved this claim for nominal damages throughout the litigation. Plaintiffs' Complaint requested "[a]n award of nominal damages in the amount of $1 to each Plaintiff." Compl. 22 ¶ F. And Plaintiffs' Motion for Summary Judgment likewise asked the Court to enter "summary judgment permanently enjoining the City of Savannah's tour guide licensing law and special tax on tour businesses *and awarding $1 in nominal damages* for the violation of Plaintiffs' rights under the First Amendment." Pltfs' MSJ at 1 (emphasis added).

3

advocacy group brought a First Amendment challenge alleging that police had impermissibly stopped it from engaging in protected First Amendment activity at a planned demonstration. *Id.* at 1775-76. The plaintiff did not seek forward-looking injunctive relief—after all, the violation occurred in the past—and the Eleventh Circuit also found that the plaintiff could not seek compensatory damages because it had "failed to allege an injury-in-fact." *Id.* at 1177. But the Eleventh Circuit nonetheless concluded that, "[b]y alleging that its First and Fourteenth Amendment rights were violated, [plaintiff had] established standing to bring a § 1983 claim for nominal damages." *Id.* That holding compels the outcome here: If the plaintiff in *Amnesty International* had Article III standing to go forward with its First Amendment case to pursue nominal damages, then Plaintiffs likewise have standing to pursue their claim for nominal damages even if their claim for injunctive relief has become moot.[2]

Other cases from the Eleventh Circuit are in accord. In *Williams v. Brown*, 347 F. App'x 429, 436 (11th Cir. 2009), the Eleventh Circuit held that a prisoner could proceed with a claim for nominal damages arising out of an alleged violation of his First Amendment rights, explaining that "[n]ominal damages are appropriate if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages." Likewise, in *Slicker v. Jackson*, 215 F.3d 1225, 1227 (11th Cir. 2000), the Eleventh Circuit reversed the dismissal of a constitutional case on the ground that a "plaintiff

---

[2] Indeed, if anything, the argument for Article III standing is even stronger in this case than it was in *Amnesty International*. In this case, Plaintiffs have suffered injuries that would have supported a claim for compensatory damages—including the payment of license fees and loss of business revenues—but have elected not to seek compensatory damages in an effort to streamline the litigation and eliminate the need for discovery regarding the quantum of damages. If the plaintiff in *Amnesty International* could proceed with a claim for nominal damages where it had suffered *no* compensable injury, surely Plaintiffs may proceed with a claim for nominal damages where they suffered concrete financial injuries as a result of the violation of their constitutional rights.

whose constitutional rights are violated is entitled to receive nominal damages even if he fails to produce any evidence of compensatory damages." These cases, like *Amnesty International*, stand for the proposition that a claim for nominal damages arising out of a past violation of a plaintiff's constitutional rights is sufficient to give rise to a live case or controversy.[3]

The City criticizes this line of precedent as somehow contrary to basic principles of Article III standing, but—in addition to being irrelevant—that criticism is misplaced. Under Article III's three-pronged test for standing (requiring injury, causation, and redressability) there is no question that Plaintiffs suffered actual and concrete injuries as a result of the City's unconstitutional actions, as they were prevented from speaking and forced to jump through unconstitutional licensing procedures. There also is no question that this injury was caused by the City's violation of Plaintiffs' constitutional rights; if not for the City's unconstitutional law, these burdens would not have been imposed. And, lastly, an award of nominal damages will provide some limited (if incomplete) remedy for that injury. That available remedy is sufficient to demonstrate redressability, as a plaintiff "need only show that a favorable ruling could potentially lessen its injury; it need not definitively demonstrate that a victory would completely remedy the harm." *Antilles Cement Corp. v. Fortuno*, 670 F.3d 310, 318 (1st Cir. 2012) (citing

---

[3] *See also, e.g.*, *Jackson v. Wilson*, 2013 WL 5567323, at *2 (S.D. Fla. 2013) (plaintiff could file an "action requesting only nominal damages"); *Smith v. Barrow*, 2012 WL 6519541, at *6 (S.D. Ga. 2012) (denying motion to dismiss and allowing case to go forward on issue of nominal damages); *O'Neal v. Thurston*, 2008 WL 4716913, at *2 (M.D. Ga. 2008) (similar); *Cline v. Broward Cnty. Sheriff's Office*, 2007 WL 2453558, at *9 (S.D. Fla. 2007) (similar).

The Eleventh Circuit's decision in *DA Mortgage, Inc. v. City of Miami Beach*, 486 F.3d 1254, 1259 (11th Cir. 2007), also is in accord. There, the Court held that "[d]amages claims can save a § 1983 claim from mootness, but only where such claims allege compensatory damages or nominal damages for violations" that courts hold properly give rise to a claim for nominal damages. The Eleventh Circuit in *DA Mortgage* referred specifically to claims for "violations of procedural due process," *id.*, but elsewhere the Eleventh Circuit has made clear that "nominal damages are similarly appropriate in the context of a First Amendment violation." *KH Outdoor, LLC v. City of Trussville*, 465 F.3d 1256, 1261 (11th Cir. 2006).

cases). Indeed, the long tradition of awarding nominal damages for violations of constitutional and other rights provides a powerful testament to the value of nominal damages to plaintiffs as a remedy for past harm.

Eleventh Circuit doctrine in this area is not only consistent with Article III principles, but also is rooted in binding Supreme Court precedent. In *Carey v. Piphus*, 435 U.S. 247, 266 (1978), the Supreme Court held that plaintiffs in section 1983 cases could pursue claims for nominal damages even "without proof of actual injury." The Court reasoned that "[b]y making the deprivation of such rights actionable for nominal damages without proof of actual injury, the law recognizes the importance to organized society that those rights be scrupulously observed." *Id.* As the Fifth Circuit has explained, that holding "necessarily implie[s] that a case is not moot so long as the plaintiff seeks to vindicate his constitutional rights through a claim for nominal damages." *Ward v. Santa Fe Indep. Sch. Dist.*, 35 F. App'x 386 (5th Cir. 2002).

Cases from other circuits confirm this settled point of doctrine. *See, e.g.*, *Covenant Media of S.C., LLC v. City Of N. Charleston*, 493 F.3d 421, 429 (4th Cir. 2007) ("Covenant's suit is not moot because if Covenant is correct on the merits, it is entitled to at least nominal damages."); *Advantage Media, L.L.C. v. City of Eden Prairie*, 456 F.3d 793, 803 (8th Cir. 2006) ("Since Advantage might be entitled to nominal damages if it could show that it was subjected to unconstitutional procedures, it has standing to assert these claims."); *Bernhardt v. Cty. of Los Angeles*, 279 F.3d 862, 872 (9th Cir. 2002) ("A live claim for nominal damages will prevent dismissal for mootness."); *Doe v. Delie*, 257 F.3d 309, 314 & n.3 (3d. Cir. 2001) (finding plaintiff's claim for nominal damages sufficient to avoid mootness); *Cmttee. for the First Amendment v. Campbell*, 962 F.2d 1517, 1526 (10th Cir. 1992) (reversing dismissal of case as moot, where plaintiff sought nominal damages for violation of First Amendment rights); *see also*

Wright & Miller, Federal Practice and Procedure § 3533.3 ("A valid claim for nominal damages should avoid mootness.").[4]

The City suggests that *McKinnon v. Talladega Co.*, 745 F.2d 1360 (11th Cir. 1984), may cast doubt on this settled rule, but that decision is not to the contrary. There, the Eleventh Circuit allowed a case to go forward based on a claim for compensatory and nominal damages, although the plaintiff's claim for declaratory and injunctive relief had become moot. *Id.* at 1364. The Eleventh Circuit suggested in dictum that a claim for an "incidental" amount of damages might not suffice to avoid mootness, but it did so only in the course of discussing two Second Circuit decisions that pre-date the Supreme Court's decision in *Carey*—the decision that clearly established that a constitutional violation may be remedied by nominal relief. Later Eleventh Circuit cases, cited above, *supra* pp. 3-5, embrace this plain lesson of *Carey* and hold that a claim for purely nominal damages is sufficient to support standing under Article III.

While the repeal of the City's licensing law does not deprive this Court of jurisdiction, it *does* provide a powerful piece of evidence on the merits. Under either a strict or intermediate scrutiny standard, courts ask whether the government's asserted interest could be achieved by a less restrictive alternative. *See McCullen v. Coakley*, 134 S. Ct. 2518, 2538 (2014). Here, the City has effectively conceded that its interests can be achieved by a far less restrictive

---

[4] The City cites the Sixth Circuit's decision in *Morrison v. Board of Education of Boyd County*, 521 F.3d 602 (6th Cir. 2008), as to the contrary, but that case only confirms this settled rule. The Sixth Circuit in *Morrison* observed that it had previously "allowed a nominal-damages claim to go forward in an otherwise-moot case." *Id.* at 611. The claim in *Morrison* was not justiciable for an entirely different reason that is inapplicable here: The plaintiff had failed to allege that he was actually prevented from speaking by the challenged First Amendment violation. While the plaintiff made a "choice to chill his own speech based on his perception that he would be disciplined for speaking," the "record [was] silent as to whether the school district threatened to punish or would have punished [him] for protected speech." *Id.* at 610. That is a far cry from this case, where the undisputed facts show that the City actively enforced its licensing laws to silence unlicensed guides. *See*, *e.g.*, SUMF ¶¶ 21-23.

7

alternative: the alternative that the City has adopted by repealing its law. The City Attorney explained as much to the City Council, stating that the City opted to eliminate licensing because "we think that the private sector can do that better." Savannah, Ga., City Council Meeting (Oct. 15, 2015), at 1:31:30, *available at* https://savannahgovtv.viebit.com/#43032deca10dc761add72fdf8936d164. The City Attorney stated that the changes prompted by the lawsuit "will improve the ordinance." *Id.* at 1:30:50. If the City Attorney believes that eliminating licensing was an *improvement*, the City cannot possibly contend that licensing was necessary to advance an important interest.

This case should be decided along the same lines as the recent decision of the United States District Court for the Eastern District of Virginia in *McLean v. City of Alexandria*, 106 F. Supp. 3d 736 (E.D. Va. 2015). In that case, a municipal government repealed an ordinance that was challenged under the First Amendment. *Id.* at 738. The court allowed a nominal damages claim to go forward, *id.*, and found the repeal of the ordinance highly relevant to the merits, *id.* at 743. Applying intermediate scrutiny, the court determined that it "need not belabor" the analysis "by addressing potential alternatives to the Ordinance, as it has been repealed, and the City admits that less restrictive alternatives already exist." *Id.* Because the city had "failed to meet its burden" to justify the law, the court entered judgment for the plaintiff. *Id.* Here, too, the City cannot possibly argue that it was necessary to restrict the speech of tour guides, when the City has decided to eliminate the challenged law containing that restriction.

## CONCLUSION

Plaintiffs' claim for injunctive and declaratory relief barring application of the tour guide licensing law should be dismissed as moot because the City repealed the law in response to this action. In all other respects, Plaintiffs' motion for summary judgment should be granted and Defendant's motion for summary judgment should be denied.

8

Dated this 28th day of April, 2016.                    Respectfully submitted,

<u>s/ Anne W. Lewis</u>                                                    <u>s/ Robert Everett Johnson</u>
Anne W. Lewis                                                          Robert J. McNamara*
Georgia Bar No. 737490                                          Robert Everett Johnson*
STRICKLAND BROCKINGTON LEWIS LLP          INSTITUTE FOR JUSTICE
1170 Peachtree Street, NE, Suite 2200               901 North Glebe Road, Suite 900
Atlanta, GA 30309                                                      Arlington, VA 22203
Tel: (678) 347-2204                                                    Tel: (703) 682-9320
Fax: (678) 347-2210                                                   Fax: (703) 682-9321
Email: awl@sbllaw.net                                              Email: rmcnamara@ij.org; rjohnson@ij.org

*Admitted Pro Hac Vice*

*Attorneys For Plaintiffs Michelle Freenor, Steven Freenor,
Dan Leger, Jean Soderlind, and Ghost Talk, Ghost Walk LLC*

### CERTIFICATE OF SERVICE

I hereby certify that, on April 28, 2016, I caused the foregoing Response to be filed via ECF and that the court's ECF system automatically served counsel for Defendant.

<u>s/ Robert Everett Johnson</u>