IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

MICHELLE FREENOR; STEVEN )
FREENOR; DAN LEGER; JEAN )
SODERLIND; and GHOST TALK, GHOST )
WALK LLC; )
)
Plaintiffs, )
)
v. ) CASE NO. CV414-247
)
MAYOR AND ALDERMAN OF THE CITY )
OF SAVANNAH, )
)
Defendant. )

# O R D E R

Before the Court are Plaintiffs' Motion for Summary Judgment (Doc. 30), Plaintiffs' Second Motion for Summary Judgment (Doc. 66), and Defendant Mayor and Alderman of the City of Savannah's (the "City") Motion for Summary Judgment (Doc. 33). For the following reasons, Count II of the amended complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. Accordingly, the City's Motion for Summary Judgment (Doc. 33), Plaintiffs' First Motion for Summary Judgment (Doc. 30), and Plaintiffs' Second Motion for Summary Judgment (Doc. 66) in regards to Count II of the amended complaint, which this Court held in abeyance, are now **DISMISSED AS MOOT**.

**BACKGROUND**

This case involves a First Amendment challenge to the City of Savannah's regulation of tour guides and the assessment of a fee on sightseeing tours. (Doc. 1; Doc. 66.) Plaintiffs challenge two aspects of the City's ordinances. In Count I, Plaintiffs contend that the City's tour guide licensing scheme, which was codified within the Tour Service Ordinance of 1978 at Savannah Code of Ordinances §§ 6-1502, 6-1508–1515, and 6-1550 (the "Tour Guide Licensing Ordinance"[1]), violates the First Amendment to the United States Constitution. (Doc. 64 at 20-21.) In Count II, Plaintiffs claim that the assessment of a preservation fee on all sightseeing tours conducted within the Savannah Historic District pursuant to City Revenue Ordinance, Article T, § 3 (the "Preservation Fee") violates the First Amendment as an impermissible tax on free speech. (Id. at 21.) The Court has previously set forth the factual background of this case in its Order dated May 20, 2019. (Doc. 75.)

On May 20, 2019, this Court denied in part and held in abeyance in part the City's Motion for Summary Judgment (Doc. 33) and granted in part and held in abeyance in part Plaintiffs' First Motion for Summary Judgment (Doc. 30) and Second Motion for Summary Judgment (Doc. 66). The Court granted summary

---

[1] The Court refers to the challenged, and now repealed, portions of the Tour Service Ordinance of 1978 as the Tour Guide Licensing Ordinance.

judgment to Plaintiffs' on Count I of the amended complaint but held the cross-motions for summary judgment regarding Count II of the amended complaint in abeyance pending additional briefing on whether there is a plain, speedy, efficient state court remedy to challenge the Preservation Fee. (Doc. 75 at 45.) The City filed its supplemental brief on June 7, 2019 (Doc. 76) and Plaintiffs' filed their supplemental brief on June 28, 2019 (Doc. 77). The cross motions for summary judgment regarding Count II of the amended complaint are now ripe for consideration.

## ANALYSIS

I. STANDARD OF REVIEW

Summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.' " Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing Fed. R. Civ. P. 56 advisory committee notes). Summary judgment is appropriate when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to

that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law governing the action determines whether an element is essential. DeLong Equip. Co. v. Wash. Mills Abrasive Co., 887 F.2d 1499, 1505 (11th Cir. 1989).

As the Supreme Court explained:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

Celotex, 477 U.S. at 323. The burden then shifts to the nonmovant to establish, by going beyond the pleadings, that there is a genuine issue as to facts material to the nonmovant's case. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). The Court must review the evidence and all reasonable factual inferences arising from it in the light most favorable to the nonmovant. Matsushita, 475 U.S. at 587-88. However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Id. at 586. A mere "scintilla" of evidence, or simply conclusory allegations, will not suffice. See, e.g., Tidwell v. Carter Prods., 135 F.3d 1422, 1425 (11th Cir. 1998). Nevertheless, where a reasonable fact finder may "draw more than one inference from the facts,

and that inference creates a genuine issue of material fact, then the Court should refuse to grant summary judgment." Barfield v. Brierton, 883 F.2d 923, 933-34 (11th Cir. 1989).

II. COUNT II: FIRST AMENDMENT ANALYSIS FOR THE PRESERVATION FEE

Plaintiffs challenge the Preservation Fee, Savannah Revenue Ordinance Art. T, § 3, on the grounds that it constitutes a "speech tax" that singles out the First Amendment activity of tour guides for special tax burdens. (Doc. 30 at 25.) This Court has found the Preservation Fee to be a tax within the scope of the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341, and requested additional briefing from the parties on whether there is a plain, speedy and efficient state remedy to challenge the Preservation Fee. (Doc. 75 at 43, 45.)

In its brief, the City contends that there are numerous methods for the Plaintiffs to challenge the Preservation Fee. The City states that Plaintiffs may (1) challenge the Preservation Fee in the Recorder's Court of Chatham County as defendants and then appeal any adverse rulings up to the Georgia Supreme Court or (2) file a declaratory judgment action in superior court pursuant to Georgia's Declaratory Judgment Act, O.C.G.A. § 9-4-1 et seq. (Doc. 76 at 2-6). In response, Plaintiffs largely agree with the City and state that "[t]o the extent the preservation fee is a tax—as the City contends, and as this Court has already held—Plaintiffs must concede that

5

Georgia law provides them with a state-court remedy that is sufficient for purposes of the Tax Injunction Act." (Doc. 77 at 1.) In addition to the remedies that the City addresses, Plaintiffs contend that there is an additional remedy that aggrieved taxpayers may seek: a suit for a refund pursuant to O.C.G.A. § 48-5-380(a). (Doc. 77 at 2.)

The test of whether a state court procedure is adequate is "whether it provides taxpayers 'with a full hearing and judicial determination at which [they] may raise any and all constitutional objections to the tax.'" Williams, 745 F.2d at 1412 (quoting Rosewell v. LaSalle Nat. Bank, 450 U.S. 503, 514, 101 S. Ct. 1221, 1230, 67 L. Ed. 2d 464 (1981)). The Court agrees with the parties that Georgia law provides sufficient state remedies to challenge the constitutionality of the Preservation Fee. O.C.G.A. § 48-5-380(b) states that

> [a]ny taxpayer from whom a tax or license fee was collected who alleges that such tax or license fee was collected illegally or erroneously may file a claim for a refund with the governing authority of the county or municipality at any time within one year or, in the case of taxes, three years after the date of the payment of the tax or license fee to the county or municipality.

In the alternative, O.C.G.A. § 48-5-380(c) provides that the taxpayer "may forgo requesting a refund from the governing authority under subsection (b) of this Code section and elect to proceed directly to filing suit." The Georgia Court of Appeals

has held that this procedure " 'applies to any tax paid by the taxpayer and is not restricted to ad valorem or other types of taxes.' " Fulton Cty. v. T-Mobile, S., LLC, 305 Ga. App. 466, 473, 699 S.E.2d 802, 808 (Ga. Ct. App. 2010) (quoting Atlanta Hosp. Workers v. City of Atlanta, 247 Ga. App. 650, 652, 545 S.E.2d 49 (Ga. Ct. App. 2001)). The constitutionality of the tax may be raised in these refund suits. See Gen. Motors Corp. v. City of Doraville, 284 Ga. 689, 691, 670 S.E.2d 787, 789 (2008) (affirming the Superior Court of DeKalb County's order finding Doraville's occupational tax was constitutional in a refund suit filed pursuant to O.C.G.A. § 48-5-380); Nat'l Health Network, Inc. v. Fulton Cty., 270 Ga. 724, 727, 514 S.E.2d 422, 424 (1999) (finding that "a claim for a tax refund would be proper in the following situations: (1) a taxing authority assessed and collected taxes in violation of federal or state law . . .").

Plaintiffs have conceded that there is a plain, speedy and efficient state-court remedy. It is Plaintiffs' burden to show facts sufficient to overcome the jurisdictional bar of the TIA. Terry, 615 F. App'x at 631; Kelly, 638 F. App'x at 889. Accordingly, this Court lacks subject matter jurisdiction to consider Plaintiffs' Count II.

## CONCLUSION

For the foregoing reasons, Count II of the amended complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject

matter jurisdiction. Accordingly, with respect to Count II of the amended complaint, the Court **DISMISSES AS MOOT** Plaintiffs' First Motion for Summary Judgment (Doc. 30), Plaintiffs' Second Motion for Summary Judgment (Doc. 66), and the City's Motion for Summary Judgment (Doc. 33). The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 22ND day of July 2019.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA